Parker, C. J.,
delivered the opinion of the Court.
It appears by the case agreed, that the act complained of as a trespass was done by the defendant as one of a committee of the first parish in Dedham, pursuant to a vote of the parish [*438] to alter and repair their meeting-house, in which * the plaintiff’s pew stood; and that he acted under the directions of the other members of the committee.
The general question is, whether the defendant can justify the act complained of under the proceedings of the parish; and this depends upon the nature of the plaintiff’s property, whether abso lute, or qualified by the rights, which the parish had over the meeting-house, within which the pew was situated.
Now, it must be obvious, we think, that the property of the plaintiff in his pew, although to be treated as real estate, is by no means subject to the same rules and principles, as his property in his farm would be. If it were so, the rights of the parish over the meetinghouse could not be exercised on the most urgent occasions, without interfering with the rights of each pew-holder.
*355 The corporation or parish is the sole owner of the soil, on which the meeting-house stands; as also of the building itself; it having been erected pursuant to a vote of the parish, and paid for by a tax on all the parishioners. The pew-holder has an exclusive right to occupy his pew, and to maintain trespass, or a writ of entry, against any one who disturbs him in his seat. But he does not own the soil over which his pew is built; nor the space above it; for there may be other pews in a gallery above him, whose owners have an equal right with himself.
The building and the soil being the property of the parish, they may, when necessary, take it down and rebuild upon the same spot; or may alter the form and shape of it, for the purpose of making it more convenient. If, in doing this, not wantonly, but for useful purposes, the pews are destroyed, they must provide an indemnity for the pew-holders, on just and equitable principles; and if they do this, there can be no just cause of complaint; because, in the very nature of the property in a pew, there is a necessary condition, that it shall be subject to the regulations of the parish, for purposes of this sort.
If it were not so, all improvements in such public * edifices would be at an end; and even if they become [ * 439 ] ruinous and unfit for public worship, they must be suffered to remain or to fall, without any right to interfere on the part of the parish.
The statute of 1817, c. 189, appears to have affirmed these principles; and there cannot be a question of the right of the legislature, to make provisions in relation to such property.

Plaintiff nonsuit.